IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ROBIN REMINGTON,
on her own behalf and all others similarly
situated,

            CASE NO:  1:17-CV-21621

    Plaintiff,

v.

UNUM GROUP CORPORATION  and  **CLASS ACTION**
ATHENE ANNUITY & LIFE COMPANY,

    Defendants
_____/

## CLASS ACTION COMPLAINT
## (JURY TRIAL DEMANDED)

   Plaintiff, Robin Remington, ("Remington" or "Plaintiff") on her own behalf and all similarly situated sues the Defendants, UNUM Group (hereinafter, "Unum") and Athene Annuity & Life Company (hereinafter, "Athene") for damages and declaratory and injunctive relief to stop the unlawful and fraudulent practices described more fully herein.

## PARTIES, JURISDICTION & VENUE

   1.  Plaintiff Remington is a resident of Florida and an insured under two of Unum's long-term disability policies (#2012105 and #2083353).

   2.  Unum is incorporated under the laws of Tennessee, with its principal offices located in Chattanooga, Tennessee.

   3.  Unum is a foreign corporation registered and authorized to conduct business in the State of Florida; and at all material times, Unum did, and continues to, operate throughout the entire state of Florida.

4.      Unum is a Fortune 500 insurance company founded in 1848 that currently employs approximately 9,200 individuals and has annual revenues exceeding $10.35 billion.

5.      Unum provides disability insurance, group benefits, life insurance and other services, including administration of private disability policies.

6.      According to Unum's website, Unum is "in the business of helping people through difficult times in their lives" and Unum's "financial protection benefits provide individuals and their families with the financial security they need to better cope with the loss of a loved one or the inability to work due to illness or injury." *Unum Group website*, available at http://www.unumgroup.com/About.

7.      Athene is incorporated under the laws of Iowa, with principal offices in West Des Moines, Iowa.

8.      Athene is a foreign corporation registered and authorized to conduct business in the State of Florida; and at all material times, Athene did and continues to do business throughout the entire state.

9.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1332(d).  Plaintiff is a citizen of Florida, and the putative Class is comprised of citizens of Florida; Defendant Unum is a corporate citizen of the State of Tennessee; and Defendant Athene is a corporate citizen of Iowa. The amount sought exceeds $5,000,000.00.

10.     In addition, the present complaint alleges Defendant Unum violated the FDCPA thereby conferring subject matter jurisdiction on this Court pursuant to 15 U.S.C.§ 1692k(d) and 28 U.S.C.§ 1332.  Declaratory relief is available pursuant to 28 U.S.C.§§ 2201 and 2202.

11.     Implementation and review of all Athene policies, including the policies under which Plaintiff received benefits, are conducted under Athene's single umbrella.

12.     The practices, policies, and procedures of Athene are established, implemented, and monitored by a single management team at Athene's headquarters, or are acting on behalf of a single management team at Athene's headquarters.

13.     All actions precedent to the bringing of this action have either occurred or have been excused by Athene and Unum.

14.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because the Plaintiff resides in this district and Athene and Unum each do business in this district.

### NATURE OF THIS ACTION

15.     This is a class action for declaratory and injunctive relief pursuant to Federal Rule of Civil Procedure 23, as well for claims arising out the Defendants' unlawful efforts to intimidate Plaintiff and Class Members by attempting to collect illegitimate debts for a narrow and objectively-identifiable Class.

16.     This is a class action against Unum and Athene seeking redress for their routine and systemic acts attempting to "claw-back" monies justly paid to the insureds by re-calculating and reassessing insured's eligibility under their policies, which were assigned to Athene upon its acquisition of predecessor contracts pursuant to the 2013 acquisition of Aviva USA Corporation.

17.     The subject of this action pertains to purported "overpayments" of long-term disability policies sold by Athene and administrated by Unum.

18.     Plaintiff's two policies (#2012105 and #2083353) were purchased from Indianapolis Life Insurance Company (hereinafter, "Indianapolis Life") in 1985 and 1989, respectively.

19.     After the demutualization of Indianapolis Life, another insurance company, AmerUs Group Co., merged with Indianapolis Life in 2001.

20.     In 2002, the then-named UnumProvident Corp. was fined by California regulators based upon allegations that the company inappropriately denied long-term disability insurance claims. Gosselin, Peter G. "State Fines Insurer, Orders Reforms in Disability Cases." <u>Los Angeles Times</u> 3 October 2005. February 27, 2017  <u>http://www.latimes.com/world/la-fi-disability3oct03-story.html</u>.

21.     In fact, California Insurance Commissioner John Garamendi was quoted in the article as stating, "UnumProvident is an outlaw company. It is a company that for years has operated in an illegal fashion. Our settlement [of $8 million] is designed to make it a poster child of a legal company." *Id.*

22.     Subsequently in 2006, Aviva plc, at the time the world's fifth largest insurance and investment group, acquired AmerUs Group Co.

23.     On a parallel timeline, UnumProvident was renamed Unum in 2007.

24.     Shortly following in 2008, the remnants of Indianapolis Life merged with Aviva Life and Annuity Company, which is a wholly owned subsidiary of Aviva USA Corporation. Aviva USA Corporation, through a series of corporations and/or companies, is an indirect, wholly owned subsidiary of Aviva plc, a public limited company organized under the laws of England and Wales.

25.     In 2013, Athene Holding Ltd. (hereinafter "Athene") acquired Aviva USA Corporation and its subsidiaries for $1.55 billion.

26.     Athene USA Corporation is a subsidiary of Athene Holding Ltd. and has three insurance subsidiaries, one of which is Athene Annuity and Life Company.

27.     At all times material hereto, Unum has been the third party administrator or agent of payor regarding Plaintiff's disability claim.

28.     Plaintiff, for herself and for the Class, asserts claims seeking declaratory and injunctive relief regarding the legality and propriety of the conduct of Athene, and by extension, of Unum, in attempting to claw-back properly paid disability benefits and collect illegitimate debts of their disability insureds.

29.     These improper and illegal acts are efforts by Athene and Unum to coerce Class Members to forgo future benefits under the contracts in force, through threat of overly burdensome, illusory amounts that were purportedly "overpaid" to Class Members.

30.     In fact, these amounts were rightfully paid under the existing contracts, but upon information and belief, Athene is attempting to terminate these contracts as this acquired line of business is not profitable to Athene.

31.     Due to the long chain of mergers, acquisitions and changes in corporate structures, Athene now is bound by contracts assigned to it by its predecessors, namely here, Indianapolis Life.

32.     Upon information and belief, Unum and Athene's threats to Plaintiff in seeking purported "overpayments" is a method used to coerce Class Members to repay earned benefits unjustly or forgo future benefits under their disability policies.

33.     As such, this action will serve the purpose of correcting the wrongs of Athene and Unum by providing relief for those affected by this improper conduct.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF

34.     Plaintiff's disability policies are both "Income Protector" policies, which provide benefits for long-term disability.

35.     Plaintiff applied for policy #2013105 in 1985 and #2083353 in 1989 respectively, both through then-issuer Indianapolis Life Insurance Company.

36.     At the time of each application, Plaintiff submitted statements of income.

37.     At the time of each application, Indianapolis Life approved each policy based on Plaintiff's answers and statements of income.

38.     Each contract provided for a sum certain monthly payment for full disability. Each contract also established a formula that would apply should Plaintiff return to work and therefore be considered "partially disabled." Under the partial disability formula Plaintiff would remain entitled to full disability benefits provided her income stayed below the formula's threshold, which compared her income against her income in specified benchmark years. Pursuant to the terms of each policy this formula would determine the amount of disability benefits she would receive an amount based upon her income as confirmed by Indianapolis Life, or its assignees or successors, in accordance with the terms of each policy.

39.     Plaintiff applied for disability benefits under each policy in 1996.

40.     In conjunction therewith, Plaintiff duly completed an "Individual Disability Claim Form" and submitted this form to Indianapolis Life per the terms of the contracts.

41.     In so doing, Plaintiff received Claim numbers #CIL960219 and #CIL960220 for each policy respectively.

42.     In July of 1996, Karen Indorf, a disability specialist with Indianapolis Life, called Plaintiff to request her 1993 and 1994 tax returns, which Plaintiff duly sent (Attached as Exhibits A and B).

43.     In August, Plaintiff visited her psychiatrist, Dr. Patrice Mack, M.D., who assessed her condition and subsequently mailed her findings to Indianapolis Life for review.

44.     In September, a claims specialist named Claude Seltzer personally visited Plaintiff in her home to assess her eligibility and thereafter conducted an extensive investigation

to verify Plaintiff's eligibility and income for the benchmark years utilized in the formula to determine benefits.

45.    Also in September, and shortly after her meeting with Mr. Seltzer, Plaintiff mailed her 1995 tax return documents as requested by Indianapolis Life (attached as Exhibit C).

46.    In October 1996, Plaintiff received her first full disability check for $39,000 consistent with the terms of the policies.

47.    Plaintiff then received $3,000 per month on a regular basis from 1996 until 2016 pursuant to the terms of the policies for a full disability.

48.    Plaintiff regularly updated Defendants and performed her duties under the Contract during this twenty-year period.

49.    In 2009, Plaintiff began working on a limited, part-time basis, at all times thereafter staying within the policies' partial disability for formula for retention of full disability payments.

50.    From 2009 to the present Defendants paid full disability benefits to Plaintiff consistent with the policies' partial disability formulas.

51.    In 2015, after Athene acquired her policies, Plaintiff received a letter from Unum requesting her to apply for social security benefits as well as requesting her personal and business tax returns from 2008-2015.  Thereafter, the Defendants made repeated demands for tax and income information and other information.

52.    Beginning in 2016, Plaintiff began receiving phone calls from Athene's employee, Roy C. Webb seeking additional information.  Since that time Plaintiff has received numerous written demands for information from Mr. Webb, both on Athene and Unum letterhead.

53.     On May 4, 2016, Plaintiff received a declaration for repayment letter from Unum stating that Plaintiff owed $58,014 in overpayments based on a re-calculation under the partial disability formula using a different benchmark income figure than the income figure provided by Plaintiff at the time of her disability and that Defendants had been using since Plaintiff had returned to part-time work in 2009.

54.     In June 2016, Plaintiff received a second letter from Athene reiterating the overpayment, requesting additional information and demanding repayment terms for Plaintiff to begin repaying Athene for the purported overpayment.

55.     In July 2016, Plaintiff received another letter with similar requests.

56.     As recently as early 2017, Defendants have continued to demand and attempt to collect the amount of $58,014, which they contend she owes as a result of so-called "overpayments."

**CLASS ACTION AND CLASS REPRESENTATION ALLEGATIONS**

57.     The causes of action alleged below, for declaratory and injunctive relief and for contractual damages, are appropriate for class action treatment and class certification pursuant to the governing and applicable rules of civil procedure, including Federal Rules of Civil Procedure 23(b)(1)(a), 23(b)(2), 23(b)(3) and 23(c)(4).

58.     This action is uniquely appropriate as a class action pursuant to Rule 23(b)(2), Fed. R. Civ. P. because Plaintiff seeks declaratory and injunctive relief for the entire Class arising out of actions undertaken by Athene and Unum on grounds generally applicable to the Class as a whole.

59.     The entitlement of Plaintiff and the Class to this relief will turn on application of existing, unambiguous statutory language to uniform insurance policy forms, as implemented by

practices, policies, and procedures of Athena.

60.     Further, the relief sought by the narrowly tailored Class, seeking contractual damages, likewise turns on the application of readily identifiable and objectively determinable facts and standards derivable from data and documents maintained by or on behalf of Athena and Unum.

61.     This action is also appropriate for class certification under Rule 23(b)(3) because the questions of law and fact common to the Plaintiff and the Class predominate over issues affecting individual members of the Class and resolution of these issues within a class action is the superior and manageable method to achieve fair and efficient adjudication of this controversy.

62.     Plaintiff is a member of the Class described in paragraph 64 below, and properly allege this claim on their own behalf, and on behalf of the Class who are similarly situated, against the Defendants.

63.     The members of the Class are readily identifiable from documents maintained by or on behalf of the Defendants, thus permitting any appropriate notice to the Class and convenient case management by the Court.

64.     The Plaintiff properly alleges the causes of action below on her own behalf and on behalf of the following Class:

> All persons or entities who were insured under a private disability policy issued or owned by Athene and/or administered by Unum and from whom either Defendant demanded a repayment of disability benefits within the last four years because one or both of the Defendants re-calculated partial disability benefits using a new benchmark income assumption after either Defendant had previously paid partial disability benefits to that person or entity using a different benchmark income assumption.

## NUMEROSITY

65.     The precise number of Class Members is presently unknown to Plaintiff. In light of publically available information concerning the number of "Income Protector" policies issued by Athene or its predecessors, it is expected that the number of Class Members will total in the hundreds, if not thousands.

66.     Based upon the amount of policies assigned to Athene that remain in force, some from over thirty years ago, the Members in the Class alleged are so numerous that joinder of individual Class Members is impracticable and inconsistent with the orderly and efficient administration of justice, and contrary to the public good.

67.     Joinder of the members of the Class would also be contrary to the efficient use of scarce judicial resources, contrary to the public good and inconsistent with the orderly and efficient administration of civil justice between and among civil litigants.

68.     The number of Class Members will be easily ascertained through discovery of Athene's and Unum's records prior to certification.  Issues related to class certification are easily determined utilizing Defendant's respective electronic databases and systems.

## COMMONALITY

69.     The overriding claim presented by Plaintiff and the Declaratory and Injunctive Class is founded on the question of whether the policies and practices of Athene, and implemented and carried out by Unum, in demanding reimbursements of purported "overpayments" in the face of valid, existing contracts originating from predecessor companies who continually validated the monthly benefit payment amounts as correct, violates applicable Florida law.

70.     These overriding claims raise the following common issues of fact and law:

        a.     Whether Plaintiff and the Class are entitled to declaratory and injunctive

relief under Florida Statutes sections 86.011 and 86.021;

b.    Whether Athene's method of acquiring "Income Protector" disability policies and attempting to reassess them to charge insureds with purported "overpayments" in the face of valid, enforceable and pre-existing contracts is contrary to Florida law;

c.    Whether Athene is permitted under Florida law to ignore, disregard, or override the benefit assessments made in an assigned contract by a predecessor company for the purpose of collecting purported "overpayments" from insureds;

d.    Whether Florida law or Athene's policy language permits any such collection;

e.    Whether purported "overpayments" are illegitimate debts under the FDCPA and FCCPA; and

f.    Whether injunctive and other equitable relief is necessary or proper.

The issues for determination in the Class, as described above, are predominately questions of law.

## TYPICALITY

71.    The class claim asserted herein by Plaintiff is typical of the claim possessed by each Class Member and is capable of being asserted by each Class Member against the Defendants.

72.    Specifically, like the Plaintiff, each Member of the Class is an insured that received a notice stating that an overpayment was made and that the insured owed Defendants money or otherwise would experience a reduction in benefits, forewent future benefits, or otherwise compensated Defendants due to a purported miscalculation under a predecessor contract.

73.    Plaintiff and each Class Member are entitled to a declaration that Defendants' policies and procedures are contrary to Florida law and not permitted under Florida law, as well as an injunction requiring Defendants to provide long-term disability coverage under the terms

and conditions set forth in private disability contracts in accordance with Florida law.

74.    Plaintiff and each Class Member are objectively entitled to damages as a result of Athene's treatment of their contracts and altering of each of their vested contractual rights.

75.    The named Plaintiff is member of the Class she seeks to represent. The named Plaintiff's claims are typical of the claims of the Class. Specifically, the proof required of the named Plaintiff to prevail in the class claims in this action is the same as would be required of each absent Class Member.

## FAIR AND ADEQUATE REPRESENTATION OF THE CLASS

76.    The named Plaintiff has a true stake in this case and will fairly and adequately represent, protect, and prosecute the interests of each Class Member and likewise have the willingness and capacity to do so.

77.    The named Plaintiff is capable of fairly representing herself and the Class Members who have been similarly impacted.

78.    Furthermore, Plaintiff has engaged competent counsel knowledgeable in class actions and litigation of insurance and contract issues.

79.    Plaintiff has no interests actually or potentially adverse to those of the putative Class Members.  Due to the alignment of interests, the named Plaintiff will also ensure the same degree of prosecution of the commonly held claims of the Class Members.

80.     Plaintiff is a member of the Class described in paragraph 64 above and properly alleges these claims on her own behalf and on behalf of the Class Members who are similarly situated, against the Defendants.

81.    The members of the Class are readily identifiable from documents maintained by Athene or Unum, thus permitting any appropriate notice to the Class as well as convenient case

management by the Court.

## SPECIFIC PROVISIONS UNDER RULE 23
## UNDER WHICH CERTIFICATION IS SOUGHT

### RULE 23(b)(1)

82.     The nature of the Class claims for declaratory and injunctive relief, as well the claims for damages, are such that prosecuting separate actions by each individual class member creates a very real risk of inconsistent and varying adjudications with respect to the individual class members.  Inconsistent results from different trial courts would provide incompatible and differing signals as to ongoing conduct by Athene and Unum.

83.     Differing rulings from different trial courts interpreting whether Defendants' claw-back attempts comply with Florida law would not lend themselves to certainty in conduct for the Plaintiff, for Class Members, or for the Defendants.

84.     If the proposed class claims were litigated separately, the Plaintiff and the individual class members would run the risk of being bound by an adverse ruling, which might become dispositive of the interests of the individual class members or would be used as an argument to impede individual claims.

### RULE 23(b)(2)

85.     Athene and Unum have acted or refused to act on grounds or in a manner generally applicable to all Members of the Class.

86.     The question of whether Defendants' practice of recalculating partial disability payments after-the-fact and attempting to collect illegitimate "overpayments" complies with Florida and Federal law is a question that applies to all class members.  Judicial economy is served by concentrating the litigation and resolving this question in a single action, and declaratory and injunctive relief are thereby appropriate to the Class as a whole.

87.    Plaintiff, for herself and members of the Class, are seeking to correct a pervasive and ongoing wrong committed by Athene in a manner that will allow a definite and binding resolution that does not require continual re-litigation of the same issues in individual lawsuits. This will result in a benefit to all involved.

88.    Plaintiff seeks declaratory and injunctive relief requiring Athene to stop the intentional practice of reassessing disability interpretations after-the-fact which unfairly harasses, intimidates and places the burden on policyholders to undertake additional steps to secure benefits that they are lawfully entitled to under their policies.  Plaintiff also seeks injunctive relief requiring the Defendants to further notify all affected  policyholders.

### RULE 23(b)(3)

89.    The questions of fact and law that are common to the Plaintiff and Class Members include the common issues identified in paragraph 64, above.

90.    The issues common to the carefully constructed, narrow Class predominate.  The defined Class avoids individualized determinations.

91.    The claims of damages for Plaintiff and the Class are readily ascertainable from records and documents maintained by Defendants as demanded "overpayments" are specified in written demands; and any payments made as a result of Defendants' threats and intimidation are also readily ascertainable.  Moreover, statutory damage claims are governed by the provisions of the FCCPA and FDCPA and lend themselves to class-wide treatment.

92.    A class action is superior to other methods for fairly and efficiently adjudicating this controversy.  Absent a ruling from this Court with class-wide implications, Athene will continue its unfair and deceptive patterns and practices.

### RULE 23(c)(4)

93.    Alternatively, should this Court decline to certify the Class, this Court may certify a class for the purpose of resolving the question of liability, and the legality of the complained-of conduct, and thereafter proceed to address damages on a manageable individual basis.

## COUNT I
## CLASS CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

94.    Plaintiff, for herself and for the members of the Class, re-allege and incorporate herein Paragraphs 1 through 93, as if set forth fully herein.

95.    This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes, which is substantive law.

96.    This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86.

97.    To the extent that the requested relief requires this Court to construe a statute, jurisdiction to do so is conferred by section 86.021, Florida Statutes.

98.    Plaintiff, for herself and on behalf of the Class, alleges that there exists a bonafide, actual, present, and practical need for a declaration as to the rights of the parties under disability policies providing disability benefits under Florida law, issued by predecessors of Athene and administrated by Unum.

99.    Plaintiff, and members of the Class, in a present, actual, and practical sense, has been affected by Defendants' demands for payment of purported "overpayments" where those demands threaten financial harm  or to preclude Plaintiff from vested contractual rights.

100.   Plaintiff, for herself and on behalf of the Class, is a consumer who has a reasonable expectation that the dispute, and attendant harms, regarding Defendants' unlawful activities, will be ongoing into the future, will result in ongoing uncertainly concerning her

rights, and accompanying future harm.

101.   Plaintiff seeks a declaration that Defendants' attempts to claw-back lawfully paid disability insurance benefits by recalculating partial disability payments after-the-fact violates Plaintiff's and Class Members disability insurance contracts and is otherwise unlawful under Florida and Federal law.

102.   This unlawful pattern and practice of behavior has put the vested contractual rights of Plaintiff and each member of the Class into uncertainty, and as such, has placed the financial wellbeing of each Class Member into jeopardy.

103.   All antagonistic and adverse interests are currently before this Court, or will be after a class is certified.

104.   The declaratory relief sought by Plaintiff, for herself and for the Class Members, is not propounded for curiosity and is not seeking mere legal advice from the Courts, but it a declaration that the conduct of Defendants is unlawful.

105.   The issue raised in the request for declaratory relief arises out of distinct events, specifically Defendants' adoption of policy and procedure practices establishing a method of "clawing back" monies paid over the life of a contract.

106.   As a form of supplemental relief authorized by sections 86.011(2) and 86.061, Florida Statutes, Plaintiff also seeks injunctive relief requiring Defendants to cease their unlawful practices and to perform under the existing contracts as written, and to further notify all affected policyholders.

107.   For the protection of the Plaintiff, and for all members of the Class, as well as the protection of all policyholders of private disability policies who may be subject to the same unlawful practices in the future, injunctive relief preventing additional instances of the same conduct in the future is required.

108.    There is no other adequate remedy at law to address these overarching business practices.

109.    Plaintiff has retained the undersigned counsel to prosecute this action and is entitled to recover a reasonable sum as fees or compensation, pursuant to Florida Statutes section 627.428.

WHEREFORE, Plaintiff, for herself and the Class Members, respectfully requests the following relief against UNUM GROUP and ATHENE ANNUITY & LIFE COMPANY:

a.    An Order certifying the Classes requested herein, appointing Plaintiff as class representative to act on behalf of the Classes and appointing her attorneys as counsel for the Classes;

b.    A declaration finding that the language of the private disability policies at issue does not permit a reassessment of Plaintiff's eligibility;

c.    A declaration finding that Defendants are bound by the terms of each private disability insurance contract owned by Athene;

d.    A declaration finding that Plaintiff and the Class do not owe any purported "overpayments" based on after-the-fact recalculations;

e.    A declaration stating that Defendants may not deduct future benefits, financial or otherwise, from Plaintiff or Class Member's policies due to any purported "overpayment" based on after-the-fact recalculations;

f.    Enjoining Defendants from taking such similar unlawful action in the future;

g.    Requiring Defendants to notify all policyholders who may have been affected by this unlawful conduct;

h.    Awarding Plaintiff the costs and attorneys' fees made necessary by seeking this relief; and

i.    Any other such relief the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AS AGAINST UNUM

110.    Plaintiff, for herself and for members of the Class, re-allege paragraphs 1 through 93, as if fully restated herein.

111.    The legislative intent of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692(p) is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. 1692(e).

112.    The FDCPA defines the term "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692(a)(3).

113.    The FDCPA defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692(a)(5).

114.    The FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6).

115.    Plaintiff is a consumer within the definition of the FDCPA.

116.    Unum is attempting to collect a "debt" from Plaintiff as defined in the language of the FDCPA.

117.    Unum is a debt collector within the definition of the FDCPA.

118.    Unum made a false, deceptive or misleading representation in connection with the collection of the debt by falsely representing the character, amount or legal status of the debt in violation of 15 U.S.C. §1692(e)(2)(a).

119.    Specifically, Unum falsely represented to Plaintiff that she owed $58,014 in purported overpayments.

120.    Unum does not have a legal right to these purported overpayments.

121.    As a result of this violation, Unum is liable for actual damages, including general damages and special damages in an amount to be proven at trial, as well as statutory damages up to $1,000 for Plaintiff and any such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector, pursuant to 15 U.S.C. §1692(k)(a)(1)(2)(B).

122.    As a result of this violation, Unum is liable for costs and reasonable attorney's fees as determined by the Court, pursuant to 15 U.S.C. §1692(k)(a)(3).

123.    As a result of the violation, Unum should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

**WHEREFORE**, Plaintiff and Class Members respectfully request the following relief:

a.    An Order certifying the Class requested herein, appointing Plaintiff as class representative to act on behalf of the Classes and appointing her attorneys as counsel for the Class;

b.    Declaring that Defendant Unum violated the FDCPA;

c.    Awarding maximum statutory damages allowed under the FDCPA;

d.    Awarding actual damages allowed under the FDCPA for Class Members who have paid back to Defendants any part of an alleged "overpayment" due to Defendant's unlawful conduct alleged herein;

e.    Awarding Plaintiff and Class Members attorneys' fees and costs; and

f.    Any other such relief the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**AS AGAINST UNUM AND ATHENE**

124.    Plaintiff, for herself and for members of the Class, re-allege paragraphs 1 through 93, as if fully restated herein.

125.    The Florida Consumer Collection Practices Act (FCCPA), Section 559.55 *et. seq.*, Florida Statutes, defines a "debt" or "consumer debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Fla. Stat. §559.55(1).

126.    The FCCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt."

127.    The FCCPA defines a "debt collector" as "any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Fla. Stat. §559.55(6).

128.    The FCCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed. Fla. Stat. §559.55(3).

129.    Plaintiff is a consumer within the definition of the FCCPA.

130.    Unum and Athene are each attempting to collect a debt within the definition of the FCCPA.

131.    Unum is acting as a debt collector within the definition of the FCCPA.

132.    Athene is a creditor within the definition of the FCCPA.

133.    Unum has claimed, attempted, or threatened to enforce a debt when Unum knows that the debt is not legitimate in violation of Fla. Stat. §559.72(9).

134.    Athene has claimed, attempted, or threatened to enforce a debt when Athene knows that the debt is not legitimate in violation of Fla. Stat. §559.72(9).

135.    Specifically, both Unum and Athene are attempting to collect $58,014 in purported overpayments from Plaintiff when both Unum and Athene know that neither has a legal right to the purported overpayments.

136.    As a result of these violations, Unum and Athene are each respectively liable to Plaintiff for actual damages and for additional statutory damages of up to $1,000 as determined by the Court and liable to class members in an aggregate award amount of additional statutory damages not to exceed the lesser of $500,000 or 1 percent of each defendant's net worth for all remaining class members, pursuant to Fla. Stat. §559.77(2).

137.    As a result of this violation, Unum and Athene are each respectively liable for costs and reasonable attorney's fees as determined by the Court, pursuant to Fla. Stat. §559.77(2).

138.    As a result of these violations, Plaintiff seeks to enjoin Unum and Athene each respectively from further violations of this part.

**WHEREFORE**, Plaintiff and Class Members respectfully request the following relief:

a.      An Order certifying the Class requested herein, appointing Plaintiff as class representative to act on behalf of the Classes and appointing her attorneys as counsel for the Class;

b.      Declaring that Defendants violated the FCCPA;

c.      Awarding maximum statutory damages allowed under the FCCPA;

d.      Awarding actual damages allowed under the FCCPA for Class Members who have paid back to Defendants any part of an alleged "overpayment" due to Defendant's unlawful conduct alleged herein;

e.      Awarding Plaintiff and Class Members attorneys' fees and costs; and

f.      Any other such relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, for herself and on behalf of all Class Members, demands trial by jury of all matters so triable.


Dated: May 1, 2017

> Respectfully submitted,
> **/s/ *Christa L. Collins*** _____
> CHRISTA L. COLLINS, ESQUIRE
> Lead Counsel for Plaintiff
> Florida Bar No: 0381829

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that the undersigned counsel electronically filed the foregoing using the

Florida District Court's CM/ECF filing system that will generate a Notice of Electronic Filing to

the following at their designated email addresses, on this 1st day of May, 2017:

| | |
|---|---|
| Marcus A. Castillo, Esquire<br>Haas & Castillo, P.A. Attorneys At Law<br>19321-C U.S. Hwy 19 N, Ste. 401<br>Clearwater, Florida 33764<br>(727) 535-4544 telephone<br>(727) 535-1855 facsimile<br>Florida Bar# 374733<br>marcus@haas-castillo.com;<br>nicki@haas-castillo.com<br>*Co-Counsel for Plaintiff* | J. Andrew Meyer, Esquire<br>J. ANDREW MEYER, P.A.<br>15565 Gulf Boulevard<br>Redington Beach, Florida 33708<br>Telephone: 727-709-7668<br>Florida Bar #0056766<br>andrew@jandrewmeyer.com<br>*Co-Counsel for Plaintiff* |
| *Attorney for Defendant To Be Determined* | *Attorney for Defendant To Be Determined* |

Respectfully submitted,

/s/ *Christa L. Collins*
**CHRISTA L. COLLINS**
Florida Bar No: 0381829
service.clc@harmonwoodslaw.com;
clc@harmonwoodslaw.com;
jp@harmonwoodslaw.com
Harmon, Woods and Parker, P.A.
110 North 11th Street - 2nd Floor
Tampa, Florida 33602
Tel: 813-222-3600, Fax: 813-222-3616
*Lead Counsel for Plaintiff*